UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAVARRIOUS GOLDWIRE,

    Petitioner,

v.                                       Case No. 4:22-cv-173-WS/MJF

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

### REPORT AND RECOMMENDATION

Pending before this court is Petitioner's *pro se* petition for writ of mandamus. Petitioner has neither paid the requisite filing fee, nor filed a motion for leave to proceed *in forma pauperis*. Regardless, upon review of the petition, this action should be dismissed.

### I. BACKGROUND

In his petition, Petitioner requests that the "Circuit Court of the 2nd Judicial Circuit in and for Leon County, Florida" compel the Secretary of the Florida Department of Corrections ("FDC") to (1) follow certain FDC rules regarding the disciplinary and grievance procedures, (2) process Petitioner's formal grievance and appeal, and/or (3) "overturn and/or vacate the Hearing Team's Findings and Actions and restore all privileges," including his gain time. Doc. 1 at 11-13. Petitioner relies

exclusively on Florida Rules of Civil Procedure and Florida law. It appears, therefore, that Petitioner intended to file his petition for writ of mandamus in state court.

## II. Discussion

**A.     Lack of Subject Matter Jurisdiction over Petitioner's Petition for Writ of Mandamus**

Under 28 U.S.C. § 1361, which codified the common-law writ of mandamus, district courts "have original jurisdiction . . . to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Mandamus relief is available only to compel an officer of the United States to perform a duty when (1) the petitioner has a clear right to relief; (2) the respondent has a clear duty to act; and (3) no other adequate remedy is available. *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011) (citing *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003)).

"These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016); *see Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) ("The test for jurisdiction is whether mandamus would be an appropriate means of relief."). Additionally, federal courts generally "have no authority to issue"

a writ of mandamus "to direct state courts or their judicial officers in the performance of their duties." *Cahill v. Kendall*, 202 F. Supp. 2d 1322, 1330 (S.D. Ala. 2002). When a petition seeks to have a district court compel action from state officials, not federal officials, the district court lacks jurisdiction to grant relief. *Lawrence v. Miami-Dade Cnty. State Att'y Off.*, 272 F. App'x 781, 781 (11th Cir. 2008); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973).

As noted above, Petitioner seeks an order compelling state officials to perform their duties. The District Court, therefore, lacks subject matter jurisdiction. *See Brown v. Lewis*, 361 F. App'x 51, 56 (11th Cir. 2010); *see Hernandez v. Charlotte Corr. Inst. Staff*, 2006 WL 3349552, at *1 (M.D. Fla. Nov. 17, 2006) (dismissing petition for writ of mandamus where the petitioner sought to compel performance by the state correctional facility staff).

**B.** **Petitioner Has Not Exhausted His State Remedies to Bring a Federal Habeas Corpus Action**

Federal courts must liberally construe *pro se* pleadings and "look beyond the labels used in a *pro se* party's complaint." *Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) (citing *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000)). Given a liberal construction, it is possible that Petitioner intended to file a

petition under 28 U.S.C. § 2254. The District Court, however, would be required to dismiss such a petition because Petitioner has not exhausted his state remedies.

Before a petitioner may seek federal habeas relief to restore "gain time," he must exhaust his state remedies. *See Sanon v. Hanks*, 2014 WL 5426420, at *1 (M.D. Fla. Oct. 22, 2014). "In Florida, a challenge to a prison disciplinary proceeding is properly filed as a petition for writ of mandamus in the appropriate circuit court." *Wildberger v. Crews*, 2013 WL 2242982, at *4 (N.D. Fla. May 21, 2013) (first citing *Bush v. State*, 945 So. 2d 1207 (Fla. 2006); then citing *Woullard v. Bishop*, 734 So. 2d 1151, 1152 (Fla. 1st DCA 1999)). Then, if unsuccessful, a petitioner must file a petition for certiorari in the appropriate state appellate court. *Id.*

In the present case, it appears that Petitioner intended to exhaust his state remedies by filing the instant petition for writ of mandamus with the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. It appears that he inadvertently submitted it instead to the United States District Court for the Northern District of Florida. As discussed above, a federal habeas action would be premature because Petitioner has not yet exhausted his state remedies.

### III. CONCLUSION

Because the District Court lacks subject matter jurisdiction to adjudicate Petitioner's petition for writ of mandamus, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice Petitioner's petition for writ of mandamus. Doc. 1.

2. Direct the clerk of the court to close the case file.

At Pensacola, Florida, this 12th day of May, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**